**SECRET**

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 26-03076-01-CR-S-BCW |
| Plaintiff, | **COUNTS 1 AND 2:** |
| | 18 U.S.C.§ 793(d) |
| v. | NMT 10 Years Imprisonment |
| | NMT $250,000 Fine |
| **SETH CHAMBERS**, | NMT 3 Years supervised release |
| [DOB: 07-21-1990] | Class C Felony |
| Defendant. | $100 Special Assessment |

**I N D I C T M E N T**

**THE GRAND JURY CHARGES THAT:**

1.    Defendant **SETH CHAMBERS** is a resident of Texas County in the Western District of Missouri. From in or about April 11, 2011, to in or about March 14, 2021, **CHAMBERS** was employed by the U.S Marine Corps as an intelligence analyst. From in or about November 26, 2021, to in or about January 22, 2023, **CHAMBERS** was employed by a U.S. government contractor as an analyst in Erbil, Iraq. In connection with his government employment, **CHAMBERS** held a security clearance that authorized him to view classified material up to the TOP SECRET level and had access to national defense information and classified information.

**Classified Information**

2.    Pursuant to Executive Order 12958 signed on April 17, 1995, as amended by Executive Order 13292 dated March 25, 2003, and Executive Order 13526 dated December 29, 2009, national security information was classified as "TOP SECRET," "SECRET," or "CONFIDENTIAL." National security information was information owned by, produced by, produced for, and under the control of the United States government that was classified as follows:

a. Information was classified as TOP SECRET if the unauthorized disclosure of the information reasonably could be expected to cause exceptionally grave damage to the national security that the original classification authority was able to identify and describe.

b. Information was classified as SECRET if the unauthorized disclosure of that information reasonably could be expected to cause serious damage to the national security that the original classification authority was able to identify and describe.

c. Information was classified as CONFIDENTIAL if the unauthorized disclosure of that information reasonably could be expected to cause damage to the national security that the original classification authority was able to identify and describe.

3. Under Executive Order 13526, "damage to the national security" meant harm to the national defense or foreign relations of the United States from the unauthorized disclosure of information, taking into consideration such aspects of the information as the sensitivity, value, utility, and provenance of that information.

4. Classified information was marked according to its classification following standard formats for different types of media, including headers and footers stating the highest classification level of information a document contained and individual classification markings for each paragraph.

5. Information classified at any level may only be lawfully accessed by persons determined by an appropriate United States government official to be eligible for access to classified information, and who had a "need to know" the classified information. Classified information may only be stored in an approved facility and container.

**Chambers's Access to and Transmission of National Defense Information**

6. Because **SETH CHAMBERS** held a security clearance and worked for multiple U.S. government employers, the U.S. government entrusted **CHAMBERS** with access to sensitive government materials, including information relating to the national defense that was closely held by the government (National Defense Information) and classified documents and materials.

7.     Over his years of holding a security clearance, **CHAMBERS** received training regarding classified information, including the definitions of classified information, the levels of classification, and the proper handling, marking, transportation, and storage of classified materials. **CHAMBERS** knew the unauthorized removal and transmission of those materials could endanger the national security of the United States and the safety of its citizens. In particular, **CHAMBERS** had signed classified non-disclosure agreements in which he acknowledged that unauthorized disclosure of SECRET information reasonably could be expected to cause serious damage to the national security.

8.     In or about December 2022, **CHAMBERS** removed without authorization and retained classified United States information, which he copied down, removed from the secure facility, incorporated into a report, and transmitted to Individual 1, an individual located in Maryland, and Individual 2, an individual believed to be in the People's Republic of China. The underlying documents from which **CHAMBERS** excerpted this information bore standard markings indicating that they contained highly classified information of the United States, including SECRET information. The information that **CHAMBERS** removed and transmitted included National Defense Information.

9.     **CHAMBERS** knew that the stolen information contained classified information that related to the national defense.

10.     **CHAMBERS** was never authorized to remove, retain, or transmit this information and knew that he was not authorized to do so.

11.     **CHAMBERS** willfully transmitted National Defense Information, including information that was classified at the SECRET level.

12.     At no time during the dates of the offense alleged in this Indictment did **CHAMBERS** deliver, or attempt to deliver, the aforementioned classified information or National Defense Information to any officer or employee of the United States entitled to receive it.

## COUNTS ONE AND TWO
### (Willful Transmission of National Defense Information – 18 U.S.C. § 793(d))

13.     On or about the dates indicated below, in the Western District of Missouri, and elsewhere, the defendant, **SETH CHAMBERS**, lawfully having possession of, access to, control over, and being entrusted with information relating to the national defense, which information the defendant had reason to believe could be used to the injury of the United States and to the advantage of any foreign nation, willfully communicated, delivered, and transmitted, and caused to be communicated, delivered, and transmitted the same, to a person not entitled to receive it, to wit: as indicated in the below counts, **CHAMBERS** electronically transmitted the information relating to the national defense described below to Individuals 1 and 2:

| COUNT | APPROXIMATE DATE OF TRANSMISSION | DOCUMENT DESCRIPTION | HIGHEST CLASSIFICATION LEVEL OF INFORMATION TRANSMITTED | RECIPIENT |
|---|---|---|---|---|
| 1 | December 10, 2022 | Document A: White paper containing verbatim and near verbatim excerpts from classified U.S. government document | SECRET | Individual 1 |
| 2 | April 20, 2023 | Document B: White paper containing verbatim and near verbatim excepts from classified U.S. government document | SECRET | Individual 2 |

All in violation of Title 18, United States Code, Section 793(d) and 2.

## FORFEITURE ALLEGATION

14.     Upon conviction of the offenses in violation of Title 18, United States Code, Section 793(d) set forth in Counts one through Two of this Indictment, the defendant,

## SETH CHAMBERS,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 793(h) and 981(a)(1)(C), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

**A TRUE BILL**

*SIGNATURE ON FILE WITH USAO*

FOREPERSON OF THE GRAND JURY

*James J. Kelleher*

James J. Kelleher
Assistant United States Attorney

DATED: March 12, 2026